IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CIPRIANO GONGORA,
    Plaintiff,

vs.                                                        Case No. 3:15cv268/MCR/EMT

LEO ALEXANDER THOMAS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 6).  Plaintiff has paid the filing fee in this case.

Because Plaintiff is a prisoner in the Florida Department of Corrections ("FDOC"), the court is required to review and dismiss the case if it determines that it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C.A. § 1915A(b).  The language in this subsection tracks the language of Federal Rule of Civil Procedure 12(b)(6), and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County

Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive review under § 1915A(b)(1) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Amended Complaint, the court concludes that the facts set forth by Plaintiff fail to state a claim for relief that is actionable on its face. Dismissal of this action is therefore warranted.

Named as sole Defendant in this action is Leo Alexander Thomas, the attorney who represented Plaintiff in his criminal action. Plaintiff alleges that five months before trial the state sent an offer to Thomas that it would agree to a twenty-year sentence if Plaintiff would enter a plea in the case (ECF No. 6 at 5). Plaintiff alleges that Thomas never informed him of the plea offer (*id.*). Plaintiff proceeded to trial and on April 21, 2010, was convicted and sentenced to thirty-five years in prison (*id.* at 6–7). Plaintiff now states that, had he known about the plea offer, he would have accepted it and received the lesser sentence (*id.*).

Plaintiff thereby claims that Defendant provided ineffective assistance of counsel in failing to inform him of the plea offer. As relief, Plaintiff seeks compensatory, punitive, and retributive damages.

## DISCUSSION

Although Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks relief in the nature of habeas corpus. Based upon the Supreme Court decision in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. The Court in <u>Heck</u> stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995).

In this case, if Plaintiff were to be successful in this action on his claim of ineffective assistance, it would necessarily affect the length of his sentence. The type of damages Plaintiff seeks strikes at the very heart of what Heck was intended to

avoid: the use of civil rights or other such civil actions to seek redress for convictions that have yet to be invalidated through habeas corpus or other such proper avenues for relief. Plaintiff has yet to achieve any invalidation or shortening of his sentence.[1] Heck therefore bars this claim.

Accordingly, it respectfully **RECOMMENDED**:

That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(B)(1) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 7th day of July 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] The Court notes from its own docket that Plaintiff currently has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254, which among other claims presents the current claim of ineffective assistance regarding Plaintiff's failure to receive notice of the plea offer. *See* Gongora v. Secretary, Fla. Dept. of Corrections, Case No. 3:14cv651/LAC/CAS.

Case No: 3:15cv268/MCR/EMT